IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., | § § No. 281, 2025 § § Court Below: Superior Court § of the State of Delaware § § C.A. No. N23C-01-042 (CCLD) § |
| Defendant Below, Appellant, | |
| v. | |
| MATTEL, INC. and FISHER-PRICE, INC., | |
| Plaintiffs Below, Appellees, | |
| and | |
| GREAT AMERICAN ASSURANCE CO. and ASPEN INSURANCE UK, LTD., | |
| Defendants Below, Appellees. | |

Submitted: July 10, 2025
Decided: August 27, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the notice and supplemental notice of appeal from an interlocutory order, and the documents attached thereto, it appears to the Court that:

(1)    In this action, Mattel, Inc. and Fisher Price, Inc. (collectively, "Mattel") seek a determination as to insurance coverage for products liability actions alleging that infants suffered bodily injury or death while using Mattel's Rock 'n Play Sleeper

product (the "RNPS Claims"). National Union Fire Insurance Company of Pittsburgh, Pa. has petitioned this Court to accept an appeal from a letter decision dated June 2, 2025 (the "Letter Decision"),[1] which incorporated a memorandum opinion dated March 28, 2025 (the "Memorandum Opinion").[2] The Memorandum Opinion and Letter Decision resolved motions for summary judgment that asked the Superior Court to determine how the RNPS Claims should be allocated across nine years of Mattel's insurance coverage towers.

(2) In the Memorandum Opinion, the court found that the RNPS Claims constitute a single "occurrence" under the relevant policies and that the claims should be allocated by the year in which the injury occurred for those policies above the primary level. The court also determined that Great American has a duty to defend Mattel for claims allocated to 2013. The court reserved decision as to certain issues, including the "Corridor Retention Endorsements" in the umbrella policies that form the second layer of the tower; the "Trailing Retention Endorsements" in the umbrella policies issued by Chubb; and whether National Union's policy

---

[1] *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 1555403 (Del. Super. Ct. June 2, 2025).
[2] *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 948008 (Del. Super. Ct. Mar. 28, 2025). Ace American Insurance Company and Ace Property and Casualty Insurance Company (collectively, "Chubb") filed a notice of interlocutory appeal from the Memorandum Opinion and the Letter Decision against Mattel, Aspen Insurance UK, Ltd., Great American Assurance Company ("Great American"), and Starr Indemnity & Liability Co. *See* Appeal No. 282, 2025.

incorporated the "Lot or Batch Clause Endorsement" set forth in the primary policies.[3]

(3)    The Letter Decision resolved the reserved issues.  Based on its prior determination that all of the RNPS Claims constitute a single occurrence under the policies, the court found that, under the umbrella policies' Corridor Retention Endorsements, Mattel "is responsible for one single Corridor Retention amount ($2,000,000) that applies to every Policy."[4]  The court held that a genuine issue of material fact existed as to whether National Union's 2011 umbrella policy fully incorporated the Lot or Batch Clause Endorsement, including the "Deemer Clause," from the underlying policy.[5]

(4)    National Union applied for certification of an interlocutory appeal of the Letter Decision.  National Union argued that the decision determined a substantial issue of material importance and that interlocutory review would serve considerations of justice.[6]  Mattel and Great American opposed National Union's application.[7]

---

[3] *Mattel*, 2025 WL 948008, at *12.
[4] *Mattel*, 2025 WL 1555403, at *1.
[5] *Id.* at *3.
[6] DEL. SUPR. CT. R. 42(b)(iii)(H).
[7] American Guarantee and Liability Insurance Company joined in Great American's opposition.

(5) The Superior Court declined to certify an interlocutory appeal.[8] Applying the Rule 42 criteria, the court concluded that the court had not decided a substantial issue of material importance that merits review before a final judgment.[9]

(6) Applications for interlocutory review are addressed to the sound discretion of this Court.[10] We have concluded, in the exercise of our discretion, that the interlocutory appeal should be refused. We find no considerations of justice that merit appeal before a final judgment.[11] Trial is scheduled for April 2026. National Union's arguments pertain to one of nine policy years and two of more than fifty policies at issue in this coverage dispute, and National Union has identified neither a need for urgent resolution nor any irreparable harm that will arise from awaiting final resolution of the case in the trial court. Exceptional circumstances that would merit interlocutory review of the Superior Court's decision do not exist,[12] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[13] Piecemeal appeals will not promote efficiency or considerations of justice in the circumstances of this case.

---

[8] *Mattel, Inc. v. XL Ins. Am., Inc.*, 2025 WL 1894998 (Del. Super. Ct. July 9, 2025).
[9] *Id.* at *4.
[10] DEL. SUPR. CT. R. 42(d)(v).
[11] *Id.* R. 42(b)(iii)(H).
[12] *Id.* R. 42(b)(ii).
[13] *Id.* R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice